**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Ralph AFFINITO, Defendant–Appellee.**

Nos. 87–5343, 88–5088.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1988.

Decided April 27, 1989.

Michael W. Fitzgerald, and Adam B. Schiff, Asst. U.S. Attys., Los Angeles, Cal., for plaintiff-appellant.

Bruce I. Hochman, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for defendant-appellee.

Before TANG, NORRIS and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff–Appellant United States of America appeals the district court's order granting Defendant–Appellee Ralph Affinito's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The jury had returned guilty verdicts against appellee on five counts of mail fraud under 18 U.S.C. § 1341. Subsequently, but prior to sentencing, the Supreme Court handed down its decision in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). Appellee renewed his prior motion for acquittal, arguing that the government's prosecution relied at least in part on theories prohibited by the *McNally* decision.

The government concedes that aspects of both the indictment and the jury instructions run afoul of the *McNally* decision. But it contends that the district court's order was not a true acquittal triggering the bar of double jeopardy. The district court had jurisdiction pursuant to 18 U.S.C. § 3231.[1] This court's appellate jurisdiction is the major issue on appeal. As we find that the double jeopardy clause does not prohibit the government's appeal pursuant to 18 U.S.C. § 3731,[2] we reverse the Rule 29 judgment of acquittal and remand this case for a new trial.

## I

Appellee does not seriously contest the government's account of the facts undergirding the prosecution. Appellee was an employee in the purchasing department of Rockwell International Corporation, the prime contractor for the United States Air Force's B–1B bomber program. He first worked as a senior parts buyer and then became supervisor of the department. In early 1982, while still in Rockwell's employ, he initiated and became a partner in an enterprise known as Draw Industries. Appellee conceived of Draw as a machine shop manufacturing parts for the aerospace industry.

Appellee sought to have Draw registered as an approved vendor to Rockwell. To accomplish this, Draw leased workspace and purchased some machinery. During Rockwell's survey of Draw's plant, Draw borrowed employees from another machine shop and displayed time cards. Rockwell approved Draw as a vendor on June 7, 1982. Rockwell was unaware of appellee's role as a partner in Draw.

Appellee arranged for Rockwell to purchase parts from Draw. He used various techniques to circumvent Rockwell's established competitive bidding procedures. Appellee succeeded in funneling to Draw about $430,000 in Rockwell contracts. Draw, however, was incapable of manufacturing the parts Rockwell ordered. Draw subcontracted out all of its orders to companies that were not authorized Rockwell vendors, in breach of its contractual obligations to Rockwell. Appellee knew that Rockwell policy prohibited unauthorized subcontracting by its parts providers, and he helped to conceal this practice from Rockwell.

## II

The grand jury returned a first superseding indictment against appellee on December 18, 1986. The jury was impanelled and the trial commenced on May 5, 1987. At

1. Section 3231 provides: "The district courts of the United States shall have original jurisdiction exclusive of the courts of the States, of all offenses against the laws of the United States." The government raises an objection to the timeliness of appellee's second motion for judgment of acquittal, but does not argue the point.

2. Section 3731 provides in relevant part: "In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment, as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."

the close of the government's case, Affinito moved pursuant to Rule 29 for judgment of acquittal on all counts. The district court denied the motion subject to reconsideration.

On May 14, 1987, the jury returned five guilty verdicts on the mail fraud counts, and the district court scheduled sentencing for July 13, 1987. The Supreme Court issued its opinion in *McNally* on June 24, 1987, and appellee renewed his motion for judgment of acquittal on the five mail fraud counts on August 27, 1987. He states that he immediately informed the government of his intention to file a renewed Rule 29 motion following the *McNally* decision. The district court heard the motion on November 23, 1987, and entered orally its Rule 29 judgment of acquittal on all five mail fraud counts at the hearing's close. The court memorialized its decision in a written order filed February 19, 1988.

### III

In *McNally*, the Supreme Court declared that the federal mail fraud statute, 18 U.S. C. § 1341, protects only money or property rights, but not "the intangible right of the citizenry to good government." 107 S.Ct. at 2879.[3] The *McNally* court invalidated a mail fraud prosecution premised on the citizenry's right to honest government. Following *McNally*, mail fraud prosecutions must allege the intended deprivation of a property right; vague allegations of a deprivation of the intangible right to honest conduct do not suffice. *United States v. Mitchell*, 867 F.2d 1232 (9th Cir.1989). The government admits that two of its allegations, which are common to all five counts of conviction, charge only that appellee deprived the government and Rockwell of their rights to the services of an honest

servant.[4] While the indictment also alleges that appellee sought to obtain "money, property, and other things of value," the government acknowledges, as it must, that "the jury may arguably have found defendant guilty because he deprived the United States and/or Rockwell of their intangible rights."

### IV

"Whether the Double Jeopardy Clause bars appeal and retrial is reviewed de novo." *United States v. Govro*, 833 F.2d 135, 136 (9th Cir.1987); *see also United States v. Cuevas*, 847 F.2d 1417, 1421 (9th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989).

### A

The double jeopardy clause prohibits appeals of judgments of acquittal entered by the court pursuant to Rule 29 motions as well as judgments entered pursuant to jury verdicts of acquittal. *See, e.g., United States v. Martin Linen Supply Co.*, 430 U.S. 564, 568 n. 6, 97 S.Ct. 1349, 1353 n. 6, 51 L.Ed.2d 642 (1977); *United States v. Baptiste*, 832 F.2d 1173 (9th Cir.1987); *United States v. Schwartz*, 785 F.2d 673, 677 (9th Cir.), *cert. denied,* 479 U.S. 890, 107 S.Ct. 290, 93 L.Ed.2d 264 (1986). We recently summarized the law applicable to the government's ability to appeal Rule 29 judgments of acquittal in the *Baptiste* case:

> The government may appeal in a criminal case under 18 U.S.C. § 3731 unless the Double Jeopardy Clause bars further prosecution. The Double Jeopardy Clause bars further prosecution when the court enters a judgment of acquittal and reversal necessitates a new trial. An acquittal based on a ruling that the

---

3. In *Carpenter v. United States,* 484 U.S. 19, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987), the Supreme Court emphasized that intangible property rights, such as "[c]onfidential business information ... long ... recognized as property," are within the protection of the mail fraud statute. *Id.* at 320.

4. *See* First Superseding Indictment at 2 ("To defraud the United States Department of De-

fense of its right to have its contracts with Rockwell performed honestly, impartially, and free from fraud, deceit, corruption, conflicts of interest and motivation for personal profit.... To defraud Rockwell of its right to the loyal, honest, faithful, and impartial services, actions, decisions and performance of duties by defendant....").

government's evidence is legally insufficient to sustain a conviction therefore may not be appealed. This is true even if the acquittal was entered for erroneous reasons.

*Baptiste*, 832 F.2d at 1174 (citations omitted); *accord Schwartz*, 785 F.2d at 677–78; *United States v. Ember*, 726 F.2d 522, 523–24 (9th Cir.1984).

### B

■ Rule 29(a) provides that the court "shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." While a Rule 29 judgment of acquittal is supposed to be predicated on a finding that the evidence is insufficient to support a conviction, appellate courts perform an independent inquiry to insure that the district court's order was "a true acquittal as evidenced by a legal evaluation of the government's case." *Schwartz*, 785 F.2d at 677.

■ A defendant is acquitted and a government appeal barred only when the judge's ruling, whatever its label, actually represents a resolution in defendant's favor, correct or not, of some or all of the factual elements of the charged offense. *Martin Linen*, 430 U.S. at 571, 97 S.Ct. at 1354; *United States v. Dahlstrum*, 655 F.2d 971 (9th Cir.1981), *cert. denied*, 455 U.S. 928, 102 S.Ct. 1293, 71 L.Ed.2d 472 (1982). The government is not barred by the double jeopardy clause from appealing a judgment of acquittal, however, where the trial court's ruling was unrelated to factual guilt or innocence. *Smalis v. Pennsylvania*, 476 U.S. 140, 146 n. 9, 106 S.Ct. 1745, 1749 n. 9, 90 L.Ed.2d 116 (1986); *Poland v. Arizona*, 476 U.S. 147, 157, 106 S.Ct. 1749, 1757, 90 L.Ed.2d 123 (1986).

### C

■ Our threshold inquiry is whether the district court's order represents a resolution in appellee's favor, correct or not, of factual elements of the charged offenses. The government argues that it does not,

and that the district court declined to make an express finding that the evidence was insufficient to support the jury's verdicts.

In its opposition to appellee's Rule 29 motion, the government implored the court that "[t]here was evidence and a substantial amount of evidence adduced that Mr. Affinito and Mr. Finch entered into a scheme to defraud which involves property rights, property rights quite appropriately brought in a mail fraud case, even under *McNally.*..." Appellee argues that the government's contention that the jury verdicts were viable "post-*McNally*" squarely placed before the district judge the task of applying the factual record to the law governing the mail fraud counts.

Our careful review of the circumstances relating to appellee's motion indicates that the district court did not resolve factual elements in appellee's favor. In fact, the parties submitted alternative proposed written orders to the district judge following his oral ruling, and the court pointedly rejected appellee's proposed order that the evidence was insufficient to support appellee's convictions. The government had objected to appellee's proposed order on the basis that it was "a blatant attempt to circumvent the court's objective and preclude all prosecution of Affinito." The district court, obviously heeding the government's warning, chose the government's proposed written order, which states simply that "in light of the Supreme Court's decision in *McNally* ... this motion, as a matter of law, must be granted and so finds."

Furthermore, the district judge's *ore tenus* ruling evidences ambivalence about the best way to rectify the defective indictment and jury instructions. "Either way the case is going to go up. It needs to go up so there can be some determination in this area. I'm going to grant the motion...." At this critical juncture, the district judge did not state that he found the evidence insufficient; he merely acknowledged that error had occurred. In this regard he was correct. But at no point did the court state that the evidence was insufficient, in light of *McNally*, to demonstrate a deprivation of money or property rights.

## V

The district court erred in entering a Rule 29 judgment of acquittal which was not premised on a resolution in appellee's favor of factual elements of the mail fraud counts. The district judge simply used the wrong tool to correct the admittedly defective indictment and jury instructions. Had he either granted a mistrial and conducted a new trial or left *McNally*'s impact for the defendant's appeal, no double jeopardy issue would have arisen. A second trial following a mistrial which was not intentionally precipitated by the government's misconduct does not run afoul of the double jeopardy clause. *See United States v. Scott*, 437 U.S. 82, 93–94, 98 S.Ct. 2187, 2195–96, 57 L.Ed.2d 65 (1978). Similarly, double jeopardy does not bar a second trial where a defendant successfully appeals his conviction. *See id.* at 89, 98 S.Ct. at 2191; *Ball v. United States*, 140 U.S. 118, 11 S.Ct. 761, 35 L.Ed. 377 (1891).

The government concedes that the indictment and the jury instructions were premised, in part, on grounds prohibited by *McNally*. Consequently, the jury's verdict is tainted and appellee is entitled to a new trial.

REVERSED and REMANDED.