959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul H. BROADWELL, Defendant-Appellant.
 No. 90-16294.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1991.
Decided April 3, 1992.
 
 1
 Before WILLIAM A. NORRIS, BEEZER and LEAVY, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Paul Broadwell was convicted in 1981 on four counts of mail fraud in violation of 18 U.S.C. § 1341. On direct appeal, one count was reversed and the remaining three were affirmed. In 1983, Broadwell filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The district court denied Broadwell's petition in 1985 and he timely appealed.
 
 
 4
 Although Broadwell has completed his sentence, this court has jurisdiction because Broadwell was in custody at the time he filed his petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). His appeal is not moot because collateral consequences attach to the conviction. Id. at 237-38.
 
 
 5
 On appeal, Broadwell argues for the first time that his indictment, alleging that he defrauded his clients of intangible rights, is invalid in light of McNally v. United States, 483 U.S. 350 (1987).[1] As a general rule, we do not consider an issue raised for the first time on appeal. Bolker v. CIR, 760 F.2d 1039, 1042 (9th Cir.1985). However, we have recognized an exception to this rule when, as here, a new issue arises while appeal is pending because of a change in the law. Id. We agree that Broadwell's indictment was defective under McNally and reverse with instructions to grant Broadwell's petition for habeas corpus.[2]
 
 
 6
 The indictment alleged that Broadwell "devised and intended to devise a scheme and artifice to defraud" his clients of:
 
 
 7
 a. their right as BROADWELL'S clients to have their affairs conducted honestly, impartially, and free from deceit, craft, trickery, corruption, fraud, dishonesty, and conflict of interest;
 
 
 8
 b. their right to the conscientious [sic], loyal, honest, faithful services, actions, and performance of duty by BROADWELL, their attorney,
 
 
 9
 for obtaining money and property by means of false and fraudulent pretenses, representations, and promises from the aforementioned client investors; well knowing and intending that the pretenses, representations, and promises would be and were false and fraudulent when made.
 
 
 10
 It is clear from the indictment that what is being alleged is a deprivation of intangible rights. However, the deprivation of intangible rights was allegedly undertaken for the purpose of "obtaining money and property." Whether this is sufficient to state an offense under McNally is an interesting question, but it is also one we have addressed in our previous decisions.
 
 
 11
 In United States v. Soriano, 880 F.2d 192 (9th Cir.1989), for example, we considered the validity of an indictment that charged defendants with devising a scheme to defraud the people of Guam of (a) "their right to the loyal, faithful and unbiased services, free from corruption, dishonesty and fraud, so that the money and property of the people of Guam could be protected;" (b) "their right to have the business of the Government of Guam conducted honestly and free from deceit, graft and corruption, thereby depriving the people of Guam of money and property that fair competition would have helped to ensure;" and (c) "the secret profits that the public officials accepted." Id. at 196. We held that paragraph (c) stated an offense under McNally, but that paragraphs (a) and (b) did not, in spite of the fact that the intangible rights of which the people of Guam were deprived in paragraph (a) served to "protect[ ]" their "money and property" and in spite of the fact that the deprivation of intangible rights in paragraph (b) allegedly had the effect of "depriving the people of Guam of money and property." Moreover, we distinguished the validity of paragraph (c) from (a) and (b) in spite of the fact that the indictment essentially described a single scheme. Id. at 196-97. The teaching of Soriano is that an indictment alleging deprivation of intangible rights cannot be saved by the fact that an effect on property rights is also alleged.[3]
 
 
 12
 The indictment at issue in this case is not distinguishable. It clearly alleged a deprivation of intangible rights, not property rights. That the deprivation of intangible rights was undertaken for the purpose of obtaining money and property is not enough to save the indictment. Because a defect in the indictment is jurisdictional, Broadwell need not show cause and prejudice. Mitchell, 867 F.2d at 1233 n. 2.
 
 
 13
 REVERSED and REMANDED with instructions to grant the petition for a writ of habeas corpus.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have held previously that McNally applies retroactively to collateral attacks on convictions. United States v. Mitchell, 867 F.2d 1232, 1233 (9th Cir.1989) (per curiam)
 
 
 [2]
 Because we reverse on this ground, we need not reach Broadwell's separate contentions that the jury instructions were defective and that the district court erred in denying him a hearing on his ineffective assistance of counsel claim
 
 
 [3]
 Our decision in United States v. Affinito, 873 F.2d 1261 (9th Cir.1989), is to the same effect. In that case, the government acknowledged that the indictment alleging deprivation of intangible rights was defective and we agreed, in spite of the fact that "the indictment also allege[d] that appellee sought to obtain 'money, property, and other things of value.' " Id. at 1263