967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nealise JENKINS, Petitioner-Appellant,
v.
Manfred MAASS, Superintendant, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-35742.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 4, 1992.
Order Withdrawing Memorandum on Grant of Rehearing in Part
September 16, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nealise Jenkins appeals the district court's denial of his petition for habeas corpus relief under 28 U.S.C. § 2254. Jenkins argues that Oregon violated the Double Jeopardy Clause by introducing at his trial for robbery evidence from a prior robbery trial at which Jenkins was acquitted. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo whether the Double Jeopardy Clause bars retrial. United States v. Affinito, 873 F.2d 1261, 1263 (9th Cir.1989). We affirm.
 
 
 3
 In April 1986, Jenkins received separate jury trials for two distinct but closely related crimes: the robbery of the same small convenience store on March 26, 1985, and again on March 29, 1985. In both trials, Jenkins's then girlfriend and accomplice provided the principle evidence against Jenkins. Jenkins was acquitted of the March 26 robbery in the first trial, but convicted of the March 29 robbery in the second trial.
 
 
 4
 During the trial for the March 29 robbery, the trial court admitted testimony concerning the March 26 robbery under Oregon Rule of Evidence 404(3). Oregon Rule 404(3), which is identical to Federal Rule of Evidence 404(b), allows evidence of similar crimes or acts if introduced to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Or.R.Evid. 404(3). "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." Huddleston v. United States, 485 U.S. 681, 689 (1988) (emphasis added).
 
 
 5
 The Double Jeopardy Clause prohibits a second trial where to convict the defendant, the second jury would have to reach a conclusion "directly contrary" to that reached by the first jury. Dowling v. United States, 110 S.Ct. 668 (1990) (citing Ashe v. Swenson, 397 U.S. 436, 445 (1970)). Jenkins contends that he could not be convicted of the March 29 robbery unless the second jury concluded, directly contrary to the conclusion of the first jury, that he also committed the March 26 robbery.
 
 
 6
 We disagree. In Dowling, the Supreme Court rejected an identical argument. Dowling was tried for and acquitted of committing the armed robbery of Vena Henry. At trial, Henry had testified that Dowling entered her home wearing a ski mask and brandishing a small pistol. At issue before the Supreme Court was whether the Double Jeopardy Clause was violated when Henry's testimony was admitted at a separate robbery trial under Federal Rule 404(b) to show that Dowling committed similar acts, namely the use of a ski mask and small pistol in the commission of armed robbery.
 
 
 7
 The Supreme Court rejected Dowling's argument that the Double Jeopardy Clause prohibited the introduction of Henry's testimony concerning a crime for which Dowling had been acquitted in an unrelated criminal proceeding. The Court reasoned that the conclusions of the first and second juries need not be "directly contrary." Dowling, 110 S.Ct. at 672. There would be no conflict if the first jury did not believe the proffered testimony beyond a reasonable doubt--the standard required to sustain a criminal conviction--while the second jury reasonably concluded that the disputed testimony was credible--the standard for the admission of evidence under Rule 404(b). Id. "Because a jury might reasonably conclude that Dowling was the masked man who entered Henry's home, even if it did not believe beyond a reasonable doubt that Dowling committed the crimes charged in the first trial, the collateral estoppel component of the Double Jeopardy Clause is inapposite."[1] Id.
 
 
 8
 This same reasoning disposes of Jenkins's argument. Jenkins contends that the second jury's determination that he committed the March 29 robbery rests on the conclusion that he also committed the March 26 robbery. The Double Jeopardy Clause is violated because, Jenkins asserts, the second jury's conclusion that he committed the March 26 robbery directly contradicts the first jury's acquittal of him with respect to that crime.[2] However, Dowling makes clear that no such direct contradiction exists. The second jury could reasonably have concluded that the testimony concerning the March 26 robbery was credible without directly contradicting the first jury's determination that Jenkins was not guilty beyond a reasonable doubt of committing the March 26 robbery. See id.
 
 
 9
 Jenkins's reliance on Pettaway v. Plummer, 943 F.2d 1041 (9th Cir.1991), and Grady v. Corbin, 110 S.Ct. 2084 (1990), is misplaced. In Pettaway, we held that the Double Jeopardy Clause prohibited the retrial of Pettaway for conduct which he had previously been acquitted of by special verdict. Pettaway does not address the situation where, as here, evidence relating to one crime for which the defendant has been acquitted is introduced solely to show similar conduct in the prosecution for a distinct crime. Grady is also inapposite. Grady concerns the admissibility of testimony regarding conduct which is an "essential element of the offense charged," Grady, 110 S.Ct. at 2093, not testimony regarding similar acts as in Jenkins's case.
 
 
 10
 We reject Jenkins's contention that the introduction of evidence concerning the March 26 robbery at his trial for the March 29 robbery violated the Double Jeopardy Clause. The district court decision is affirmed.
 
 
 11
 AFFIRMED.
 
 Order
 
 12
 Sept. 16, 1992.
 
 
 13
 Before: FARRIS, THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 14
 The memorandum disposition filed June 4, 1992 is withdrawn and submission of this case is vacated pending assignment of this case to the next available oral calendar. To this extent, the petition for rehearing is granted.
 
 
 15
 The suggestion for rehearing en banc is rejected without prejudice to its renewal after the final disposition of the case.
 
 
 16
 Judge Fernandez dissents from this order.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 There is no merit to Jenkins's claim that the discussion of Rule 404(b) in Dowling is dicta. See Dowling, 110 S.Ct. at 672
 
 
 [2]
 The second jury was informed during the course of trial that Jenkins had been acquitted of the March 26 robbery