985 F.2d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nealise JENKINS, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 91-35742.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Memorandum Filed June 4, 1992.
Memorandum Withdrawn Sept. 16, 1992.
Argued and Submitted Jan. 6, 1993.
Decided Jan. 29, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CV-89-6433-MRH, Robert E. Jones, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before D.W. NELSON, TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Nealise Jenkins appeals the district court's dismissal of his petition for habeas corpus relief under 28 U.S.C. § 2254 (1988). Jenkins contends the government's introduction in a subsequent trial for armed robbery of prior acts for which he had been acquitted violated the Double Jeopardy Clause of the Fifth Amendment.
 
 
 3
 We find no constitutional violation and affirm the district court's decision.
 
 
 4
 * We review denial of a petition for writ of habeas corpus de novo. Carter v. McCarthy, 806 F.2d 1373, 1375 (9th Cir.1986), cert. denied, 484 U.S. 870 (1987). We also review de novo whether the Double Jeopardy Clause bars retrial. United States v. Affinito, 873 F.2d 1261, 1263 (9th Cir.1989).
 
 
 5
 Jenkins was arrested and charged with participating in the robberies of the same convenience store on March 26 and 29, 1985, but was tried for those two robberies in separate proceedings. Jenkins did not actually rob the stores himself, but was accused of aiding and abetting his girlfriend, who had already been convicted of both robberies in a separate proceeding. At the first trial for the March 26 robbery, Jenkins's girlfriend testified that Jenkins had coerced her into committing the robberies and had driven the getaway vehicle. The convenience store clerk also testified that Jenkins was present in the store a few minutes before his girlfriend entered and perpetrated the robbery. Jenkins testified in his own behalf and maintained his innocence. However, he admitted he was present in the store a few minutes before the robbery. The jury acquitted Jenkins of the charge of second degree robbery on April 15, 1986.
 
 
 6
 The second trial for the March 29 robbery began the same day. The court allowed the prosecution to present evidence of Jenkins's involvement in the March 26 robbery under Or.R.Evid. 404(3):
 
 
 7
 Evidence of other crimes, wrongs or acts is not admissable to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissable for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
 
 
 8
 This provision is identical to Fed.R.Evid. 404(b). Jenkins was not identified by anyone at the scene of the second robbery, but the store clerk was allowed to reiterate her testimony concerning Jenkins's "casing" the joint prior to the March 26 robbery. Jenkins's girlfriend also testified he had forced her to commit both of the robberies. At the conclusion of the second trial, Jenkins was convicted of robbery in the first degree and sentenced to a 10 year minimum sentence.
 
 II
 
 9
 Jenkins argues the introduction of evidence in the second trial of acts for which he had been acquitted violates the Fifth Amendment's prohibition on double jeopardy. The doctrine of "collateral estoppel" under double jeopardy prevents an issue of ultimate fact which has been previously litigated in a criminal proceeding from being relitigated in a subsequent criminal proceeding. Ashe v. Swenson, 397 U.S. 436, 443-445 (1970).
 
 
 10
 This doctrine, however, has limitations. If the previous acquittal did not determine an ultimate issue in the second criminal proceeding, collateral estoppel does not apply. Dowling v. United States, 493 U.S. 342, 348 (1990). The collateral estoppel doctrine also does not "exclude in all circumstances ... relevant and probative evidence that is otherwise admissable under the Rules of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted." Id. "[O]ur precedents hold that a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v. Felix, 112 S.Ct. 1377, 1382 (1992). "[T]he introduction of relevant evidence of particular misconduct in a case is not the same thing as prosecution for that conduct." Id. at 1383.
 
 
 11
 Jenkins's involvement in the March 26 robbery was not an ultimate issue in the second trial. His actions on the previous date were merely introduced to decide the issue which was in contention, his participation in the March 29 robbery. The trial for the March 29 robbery included additional evidence which was not presented in the earlier proceeding: Jenkins's friends were in possession of "bait" money taken from the second robbery; a police officer testified Jenkins denied having seen his girlfriend in a week when first asked; and an apparently innocent and unwitting third party testified he drove Jenkins and his girlfriend to the vicinity of the second crime, where they waited for the girlfriend to return from the robbery. In closing argument, the jury was informed the defendant had been acquitted of the March 26 robbery. Thus the jury's determination did not necessarily hinge on their assessment of appellant's involvement in the first robbery and included consideration of evidence not presented at the first trial.
 
 
 12
 Moreover, evidence of the March 26 robbery was also introduced in the second trial under a lower standard of proof. "[A]n acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." Dowling v. United States, 493 U.S. 342, 349. In Dowling, the Court upheld the admission of prior acts for which Dowling had been acquitted, because the standard under Fed.R.Evid. 404(b) for admission of prior acts is whether " 'the jury can reasonably conclude that the act occurred and that the defendant was the actor.' " Id. at 348 (quoting Huddleston v. United States, 485 U.S. 681, 689 (1988)). This standard is lower than the "reasonable doubt" standard required for conviction for those same acts. "If an act that could have been proved to a lesser degree than that required for conviction is for some reason probative in a subsequent trial, it need not be excluded because of the prior acquittal." United States v. Seley, 957 F.2d 717, 723 (9th Cir.1992). Thus the second Dowling jury could determine under a lower standard of proof that Dowling committed the prior act, even though a previous jury was unable to determine he committed that act beyond a reasonable doubt.
 
 
 13
 Likewise, evidence of appellant's involvement in the first robbery was admitted under a lower standard of proof in the second proceeding. In admitting evidence of prior acts, the Oregon rule only requires the trial judge "to weigh the danger of undue prejudice against the probative value of the evidence for solving problems arising under OEC 404(3)." State v. Johns, 725 P.2d 312, 317 (Or.1986). Under this more "inclusive" standard, id., evidence of Jenkins's prior acts on March 26 could be admitted into evidence, even though a jury could not determine beyond a reasonable doubt he was guilty of robbing the convenience store on that date. Appellant also complains that witnesses' memories improved and their versions of events were altered between the two trials. However, perjury and impeachment procedures, not the Double Jeopardy Clause, were designed to prevent such behavior.
 
 III
 
 14
 Jenkins argues that Grady v. Corbin, 495 U.S. 508 (1990), requires the application of the Double Jeopardy Clause in this case. In Grady, the Supreme Court determined double jeopardy applied where a defendant, who had pled guilty in traffic court to motor vehicle violations, was later indicted on manslaughter and homicide charges arising from that same incident. The Court stated: "We hold that the Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Id. at 2087. In this case, appellant argues "evidence of the March 26 robbery was used to establish an essential element of the State's case against Mr. Jenkins for the March 29 robbery." That was not the case. While the earlier robbery may have provided evidence of Jenkins's prior presence in the store and his continual coercion of his girlfriend to commit the robberies, the first robbery was not itself an essential element of the later robbery for which he was convicted.
 
 
 15
 The Supreme Court has warned that a second prosecution is impermissible when "to have convicted the defendant in the second trial, the second jury had to have reached a directly contrary conclusion." Dowling, 493 U.S. at 348. In this case, the jury did not have to reach the conclusion that Jenkins committed the March 26 robbery to convict him of the second crime. The two crimes were distinct occurrences, and juries could reach different results as to the defendant's involvement in each of these crimes, unlike the situation in Ashe, where the defendant was charged with multiple simultaneous robberies of several individuals stemming from one event.
 
 
 16
 Contrary to appellant's assertions, this conclusion is not antithetical to this court's decision in Pettaway v. Plummer, 943 F.2d 1041 (9th Cir.1991), cert. denied, 113 S.Ct. 296 (1992). In that case we reasoned that collateral estoppel concerns are implicated " 'where a fact necessarily determined in the defendant's favor by his earlier acquittal [makes] his conviction on the challenged second trial ... impossible unless the fact could be relitigated and determined adversely to the defendant.' " Id. at 1046 (emphasis added) (quoting United States v. Head, 697 F.2d 1200, 1205 (4th Cir.1982), cert. denied, 462 U.S. 1132 (1983)). Jenkins's acquittal of the March 26 robbery does not make his conviction for a robbery committed three days later impossible without relitigating the earlier incident. He could have coerced his girlfriend into committing the March 29 robbery without having coerced her to commit the earlier holdup. The defendant was charged with perpetrating two distinct robberies; the Double Jeopardy Clause is not implicated because separate juries determined he was guilty of only one.
 
 
 17
 We reached a similar conclusion in Paradis v. Arave, 954 F.2d 1483 (9th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3194 (Sep. 01, 1992) (No. 92-212). In that case the defendant had been accused of a double murder. Although Paradis was acquitted of the first murder, we allowed the prosecutor in the second murder trial to argue the defendant was indeed involved in the first murder, to explain his motive in committing the second murder. In dismissing the double jeopardy claim we concluded: "The jurors did not have to determine that Paradis killed [the first victim] to find Paradis guilty of murdering [the second victim]." Id. at 1490.
 
 IV
 
 18
 Jenkins was tried for committing two separate and distinct crimes. His acquittal in the first trial did not prevent his prosecution in the second trial, nor the admission of evidence concerning his involvement in the March 26 robbery. The jury did not have to determine Jenkins committed the earlier robbery to convict him of the latter. Even if they did, the differences in the standard of proof in the two cases would have made their opposite determinations compatible.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3