35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Richard N. ASHBY, Defendant-Appellee.
 No. 93-10364.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1994.
Decided Sept. 12, 1994.
 
 Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 A jury convicted Richard N. Ashby (Ashby) of charges that he committed misdemeanor criminal conflict of interest, in violation of 18 U.S.C. Sec. 208(a).[1] Evidence presented at trial showed that Ashby, a United States Customs Service agent, paid government funds to his wife, a confidential informant. The district court held that the government had entrapped Ashby by estoppel, however, reasoning that Ashby should be absolved because his superiors knew Mrs. Ashby was an informant. Therefore, the district court granted Ashby a judgment of acquittal. Alternatively, the district court reasoned that, if acquittal was not appropriate, Ashby was entitled to a new trial, with jury instructions on entrapment by estoppel. We reverse.
 
 DISCUSSION
 
 3
 Whether entrapment by estoppel warranted acquittal and whether double jeopardy precludes this appeal are reviewed de novo. United States v. Brebner, 951 F.2d 1017, 1024 (9th Cir.1991) (entrapment by estoppel); United States v. Affinito, 873 F.2d 1261, 1263 (9th Cir.1989) (double jeopardy).
 
 1. Entrapment by Estoppel
 
 4
 The district court found that the government had entrapped Ashby by estoppel. To establish entrapment by estoppel, a defendant must show that a government official told the defendant that the defendant's conduct was legal and the defendant reasonably believed the official. See Brebner, 951 F.2d at 1024-27. In addition, as Brebner indicates, the defendant must show that the government was aware of the defendant's illegal conduct. Brebner was charged with being a felon in possession of a firearm, even though his prior state felony convictions had been expunged. Brebner argued that Tacke, a federally licensed gun dealer who sold firearms to Brebner, "failed to make any inquiries as to the status of Brebner's prior [state] convictions." 951 F.2d at 1025. This court held that the failure to make inquiries was insufficient to raise entrapment by estoppel.
 
 
 5
 Applying these principles, we find that Ashby has failed to show that any customs officer told Ashby that his conduct was legal. Brebner and other cases require some type of "affirmative misleading." 951 F.2d at 1026. "[R]eliance on governmental inaction is insufficient to establish [entrapment by estoppel]." United States v. Woodley, 9 F.3d 774, 779 (9th Cir.1993). Ashby has shown no false statement or misleading action by government officials. See Brebner, 951 F.2d at 1024.
 
 
 6
 Moreover, Ashby has failed to show that his superiors were aware of his illegal conduct. Some knew that Mrs. Ashby was a paid informant (the 1984 handbook for agents did not prohibit spouses from being paid informants), but Mrs. Ashby's status raised no conflict of interest. Only Ashby's making payments to her was illegal. No evidence shows that Ashby's superiors knew Ashby was paying his wife. (In fact, Gately, Ashby's supervisor, testified that he did not know of and would not condone such conduct.) That Ashby could make payments generally to confidential informants does not imply that Ashby would make payments to his wife, so Gately's knowledge that Ashby was Resident Agent in Charge in Yuma, Arizona, and that Mrs. Ashby was an informant does not imply knowledge that Ashby was engaged in any illegality. As in Brebner, the government's failure to make an inquiry does not raise an entrapment by estoppel defense.
 
 
 7
 United States v. Clegg, 846 F.2d 1221 (9th Cir.1988), relied on by Ashby, is not helpful to him. In Clegg, U.S. Army officers solicited, encouraged, and assisted Clegg to receive firearms exported from the U.S. so that he could smuggle them through Pakistan to Afghan rebels resisting Soviet imperialism, an act for which Clegg was later charged. 846 F.2d at 1222-23. Even though no government official specifically told Clegg that his conduct was lawful, 846 F.2d at 1224-25 (Skopil, J., dissenting), government officials actively encouraged Clegg to break the law. In contrast, no government official solicited or encouraged Ashby to procure payments for his wife, and no supervisor assisted Ashby in doing so.
 
 
 8
 Further, policy reasons preclude application of entrapment by estoppel in this case. "Even if ... the technical elements of estoppel [are] present, this court can refuse to apply the doctrine when policy considerations so demand." United States v. Hall, 974 F.2d 1201, 1205 (9th Cir.1992). Ashby could have escaped liability under Sec. 208 by going to his superiors, making full disclosure, and obtaining a written determination that his conduct was proper, before paying his wife. 18 U.S.C. Sec. 208(b). Ashby is presumed to know the law. Therefore, he knew that he could have taken this course. Instead, he ignored this settled route and now argues that due process should create a de facto exception for him even though he failed to comply with the relatively simple procedure of the statute. "[E]ntrapment by estoppel rests on a due process theory...." Brebner, 951 F.2d at 1025. Due process does not allow a person engaging in illegal conflicts of interest essentially to ignore proper disclosure procedures and then claim the benefit of those procedures later merely because no one told him his conduct was improper. The Supreme Court declared that, under Sec. 208's predecessor statute (which lacked a Sec. 208(b)-type exception), "the knowledge of [a defendant's] superiors and their approval of his activities do not suffice to exempt [him] from the coverage of the statute." United States v. Mississippi Valley Generating Co., 364 U.S. 520, 561 (1961). Against this background, the Sec. 208(b) exception or any due process exception resembling it should be extended only to those who comply strictly with its requirements.
 
 
 9
 For the foregoing reasons, we conclude that entrapment by estoppel had no "foundation in the evidence" presented in this case. United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Thus, insufficient facts existed to warrant presentation of that defense to the jury. As a matter of law the district court erred in acquitting Ashby on the basis of that defense.
 
 2. Double Jeopardy
 
 10
 Ashby argues that this appeal is improper double jeopardy. The Double Jeopardy Clause "bars further prosecution when the court enters a judgment of acquittal and reversal necessitates a new trial. An acquittal based on a ruling that the government's evidence is legally insufficient to sustain a conviction therefore may not be appealed. This is true even if the acquittal was entered for erroneous reasons." Affinito, 873 F.2d at 1263-64 (internal quotations omitted). The government may seek review, however, when reversal would not subject the defendant to a second trial but would rather merely reinstate the jury's verdict. United States v. Wilson, 420 U.S. 332, 344-45 (1975); United States v. Brandon, 633 F.2d 773, 778-79 (9th Cir.1980). Ashby concedes that no jeopardy exists if this court reinstates a verdict supported by sufficient evidence, Brandon, 633 F.2d at 779.
 
 
 11
 We find this appeal proper. In United States v. Wright, 742 F.2d 1215 (9th Cir.1984), overruled in part on other grounds by United States v. Powell, 469 U.S. 57 (1984), a district court entered a judgment of acquittal after a jury found the defendant guilty. The acquittal was based on the inconsistency of the defendant's guilty verdict with that of a conconspirator. This court rejected the argument that appeal of the acquittal was double jeopardy: "The double jeopardy clause does not bar review because reversal of the district court's order would not subject [the defendant] to a second trial, but would merely require reinstatement of the jury's verdict." 742 F.2d at 1224; see United States v. Fields, 783 F.2d 1382, 1383 (9th Cir.1986) (holding that double jeopardy did not bar the government's appeal, after a verdict of guilty, from a later acquittal based solely on a question of statutory interpretation, because reversal would subject the defendant "neither to a new trial nor to multiple punishment" but only reinstate the jury's verdict); United States v. Dreitzler, 577 F.2d 539 (9th Cir.1978) (holding that double jeopardy did not bar the government's appeal from an acquittal, after a verdict of guilty, because reversal would result merely in reinstatement of the jury verdict), cert. denied, 440 U.S. 921 (1979).
 
 
 12
 In the instant case, nowhere does the government request a new trial. Rather, the government contends that the evidence was insufficient to support an instruction or a finding of entrapment by estoppel, or that public policy should preclude application of that doctrine. Reversal would result only in reinstatement of Ashby's conviction. Therefore, under Brandon, Wright, Fields, and Dreitzler, double jeopardy does not apply.
 
 
 13
 United States v. Sisson, 399 U.S. 267 (1970), on which Ashby relies, does not change our analysis. In Sisson, the district court granted an "arrest of judgment," an order resolving factual issues in Sisson's favor and finding Sisson not criminally liable. The Supreme Court held that the government could not appeal the order under 18 U.S.C. Sec. 3731 as that statute read in 1970. The Court reasoned that the district court's order was indistinguishable from a hypothetical jury verdict with the same effect. In passing, the Court noted that an acquittal by a jury cannot be reviewed on appeal under double jeopardy, implying that a hypothetical appeal from the hypothetical jury verdict would also be barred. 399 U.S. at 289-90. Ashby claims that the district court's acquittal in this case is the functional equivalent of a hypothetical jury verdict and that under Sisson an appeal from this ruling is constitutionally barred.
 
 
 14
 We are unpersuaded. In Wilson, the Supreme Court held that Sisson never reached the constitutional question, but rather held only that the court's arrest of judgment was barred by 18 U.S.C. Sec. 3731. 420 U.S. at 350-51 & 351 n. 18 (noting that "Sisson would have been a singularly inappropriate case in which to decide the constitutional point"). Moreover, Wilson clearly holds that double jeopardy does not bar an appeal if the appellate court can correct a district court error that occurs in a post judgment motion and reinstate a valid verdict. Id. at 342-46, 352-53 (noting that "where there is no threat of either multiple punishment or successive prosecutions, the Double Jeopardy Clause is not offended"). Ashby thus cannot rely on Sisson to support his double jeopardy claim.
 
 
 15
 Finally, policy arguments Ashby raises are largely inapposite. We are not reinstating a conviction of an innocent person. Ashby in fact does not contend that he is innocent; rather, he contends that conviction for his acts would violate due process. We have already disposed of that argument. Further, the government is not jury-shopping; the government only seeks reinstatement of the verdict already obtained. Finally, Ashby's anxiety, expense, and embarrassment cannot overcome the government's right to appeal.
 
 CONCLUSION
 
 16
 For the foregoing reasons, we reverse the district court's judgment of acquittal and reinstate the jury's verdict.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 208(a) of 18 U.S.C. provides,
 [W]hoever, being an officer or employee of the executive branch of the United States Government, or of any independent agency of the United States ..., participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding, application, ... contract, claim, ... charge, ... or other particular matter in which, to his knowledge, he [or] his spouse ... has a financial interest--Shall be subject to ... penalties....