36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver Stefan PETRYKIEVICZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellant,
v.
Oliver Stefan PETRYKIEVICZ, Defendant-Appellee.
 Nos. 93-30272, 93-30311.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1994.
Decided Oct. 4, 1994.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and HUFF,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The Double Jeopardy Clause is potentially applicable to this case only if the district court's ruling on the first indictment was the functional equivalent of an acquittal. See United States v. Affinito, 873 F.2d 1261, 1264 (9th Cir.1989) (that a government appeal in a criminal case would not violate the Double Jeopardy Clause if "the trial court's ruling was unrelated to factual guilt or innocence"). To decide whether Petrykievicz was acquitted of the charges in the first indictment, "we must determine whether the ruling of the judge, whatever its label, actually represent[ed] a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977).
 
 
 4
 Under this standard, the district court's ruling in the original case against Petrykievicz did not constitute an acquittal. The court did not resolve any of the factual elements of the offense charged or rely on any of the evidence introduced at trial. Rather, the court looked to the language and legislative history of the statute in order to decide a purely legal question: the breadth of a statutory exception.
 
 
 5
 Because the issue was strictly one of law, Petrykievicz could have successfully challenged the first indictment before the jury was empaneled. Had he done so, the possibility of double jeopardy would not have arisen. Petrykievicz's strategic choice to delay his challenge until the prosecution had presented its case cannot create an issue of double jeopardy. To hold otherwise would create a perverse incentive for the defense to withhold meritorious legal arguments until after an unnecessary trial.
 
 
 6
 Because the district court's ruling with regard to the first indictment did not function as an acquittal, the Double Jeopardy Clause does not bar any of the counts in the second indictment. Accordingly, the district court's refusal to dismiss counts I-III is AFFIRMED, and its dismissal of count IV is REVERSED.
 
 
 
 *
 Honorable Marilyn L. Huff, District Judge, United States District Court for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3