53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dwight O. DOW, Petitioner-Appellant,
v.
CIRCUIT COURT OF the FIRST CIRCUIT, Through the Honorable
Marie N. MILKS, Criminal and Administrative Judge;
and Robert A. Marks, Attorney General
of Hawaii, Respondents-Appellees.
 No. 94-15934.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1995.
Decided March 24, 1995.
 
 1
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Petitioner Dwight Dow appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his state court conviction for driving with a blood alcohol level of .10 or more. Dow alleges that his conviction violated the Double Jeopardy Clause of the Fifth Amendment because he was previously acquitted on a charge of driving under the influence of alcohol. We affirm.
 
 FACTS & PRIOR PROCEEDINGS
 
 4
 The facts in this case are undisputed.
 
 
 5
 In 1987, Dow was charged by the State of Hawaii with two counts of the single offense of driving under the influence of liquor.[1] Haw.Rev.Stat. Sec. 291-4(a) (1985). Count I was brought pursuant to Sec. 291-4(a)(1), which prohibits driving under the influence. Count II was brought pursuant to Sec. 291-4(a)(2), which prohibits driving with a blood alcohol level of 0.10 percent or more. The indictment charged as follows:
 
 
 6
 Count I: On or about the 27th day of November, 1986, in the City and County of Honolulu, State of Hawaii, DWIGHT O. DOW operated or assumed actual control of the operation of any vehicle while under the influence of intoxicating liquor, thereby committing the offense of Driving Under the Influence of Intoxicating Liquor in violation of Section 291-4(a)(1) of the Hawaii Revised Statutes.
 
 
 7
 Count II: On or about the 27th day of November, 1986, in the City and County of Honolulu, State of Hawaii, DWIGHT O. DOW operated or assumed actual control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in his blood, thereby committing the offense of Driving Under the Influence of Intoxicating Liquor in violation of Section 291-4(a)(2) of the Hawaii Revised Statutes.
 
 
 8
 After the State rested at trial, the trial court granted Dow's motion for a judgment of acquittal as to Count I. The court then submitted Count II to the jury, which was unable to reach a verdict. The trial court declared a mistrial on Count II and entered a written "judgment of acquittal" on Count I under Rule 29(a) of the Hawaii Rules of Penal Procedure.[2]
 
 
 9
 Following the mistrial, Dow was tried a second time on Count II. He moved to dismiss, claiming that the second trial violated his double jeopardy rights. The trial court denied this motion, and the jury found him guilty.
 
 
 10
 Dow appealed to the Hawaii intermediate court of appeals, claiming that the subsequent prosecution violated the Double Jeopardy Clause, and that court agreed and reversed. State v. Dow, 803 P.2d 969 (Haw.Ct.App.1990). The State appealed to the Hawaii Supreme Court, which reversed the appeals court and held that the conviction did not violate the Double Jeopardy Clause. State v. Dow, 806 P.2d 402 (Haw.1991). On remand, the intermediate court of appeals affirmed the conviction.
 
 
 11
 After exhausting his state remedies, Dow moved for habeas corpus relief in federal court, claiming, once again, that the State of Hawaii violated the Double Jeopardy Clause in obtaining his conviction. The district court dismissed the case for lack of jurisdiction. Dow v. Circuit Court, 779 F.Supp. 139 (D.Haw.1991). Dow appealed, and we reversed. Dow v. Circuit Court, 995 F.2d 923 (9th Cir.1993). The State petitioned the United States Supreme Court for a writ of certiorari, which was denied. Circuit Court v. Dow, 114 S.Ct. 1051 (1994).
 
 
 12
 On remand, the district court addressed the merits of Dow's claim and found that the subsequent conviction did not violate double jeopardy. This appeal followed.
 
 JURISDICTION
 
 13
 The district court's jurisdiction is based on 28 U.S.C. Secs. 2241, 2254. In Dow's earlier appeal, we established that the district court had jurisdiction because the restraints upon Dow's liberty satisfied the requirement for "custody" within the meaning of 28 U.S.C. Sec. 2254(a). Dow v. Circuit Court, 995 F.2d 922, 923 (9th Cir.1993). This court has jurisdiction over the appeal under 28 U.S.C. Secs. 1291, 1294(1).
 
 STANDARDS OF REVIEW
 
 14
 In a habeas corpus proceeding, a federal court must accord a state court's factual findings a presumption of correctness. Hayes v. Kincheloe, 784 F.2d 1434, 1437 (9th Cir.1986), cert. denied, 484 U.S. 871 (1987). This applies to both state appellate and trial court determinations of fact, but not questions of law. Id. (citing Sumner v. Mata, 455 U.S. 591, 592-93 (1982)).
 
 
 15
 The denial of a petition for a writ of habeas corpus is reviewed de novo. Tamapua v. Shimoda, 796 F.2d 261, 262 n. 1 (9th Cir.1986). Questions concerning double jeopardy are reviewed de novo. United States v. Harodner, 993 F.2d 191, 193 (9th Cir.1993).
 
 DISCUSSION
 
 16
 Dow argues that the Double Jeopardy Clause is violated when an acquittal on one method of proof is followed by a conviction for the same offense under an alternative method of proof. Because the trial court's Rule 29 judgment was not based on a determination that the evidence was insufficient to prove that the defendant had committed the offense of driving under the influence of intoxicating liquor as defined by Sec. 291-4(a), we affirm.
 
 
 17
 * The Double Jeopardy Clause protects against multiple prosecutions for the same offense. United States v. Dixon, 113 S.Ct. 2849, 2855 (1993); United States v. Wilson, 420 U.S. 332, 343 (1975). "An acquittal based on a ruling that the government's evidence is legally insufficient to sustain a conviction" precludes a subsequent prosecution "even if the acquittal was entered for erroneous reasons." United States v. Baptiste, 832 F.2d 1173, 1174 (9th Cir.1987) (citing United States v. Schwartz, 785 F.2d 673, 677 (9th Cir.), cert. denied, 479 U.S. 890 (1986)). To determine whether double jeopardy bars a second trial, "appellate courts perform an independent inquiry to insure that the district court's order was 'a true acquittal as evidenced by a legal evaluation of the government's case.' " United States v. Affinito, 873 F.2d 1261, 1263-64 (9th Cir.1989) (citing Schwartz, 785 F.2d at 677).
 
 
 18
 * A review of the record here indicates that the trial's court's Rule 29 judgment was not a "true acquittal" of the offense of driving under the influence. Id. The Hawaii DUI statute provides for two alternative means of proving a single offense. State v. Grindles, 777 P.2d 1187, 1190 (Haw.1989); see Haw.Rev.Stat. Sec. 291-4(a). The State's complaint alleged a single offense of DUI in two counts.[3] The trial court granted Dow's oral motion for judgment of acquittal on Count I and then submitted Count II of the DUI offense to the jury to consider the second method of proof. In essence, the trial court made a "factual finding, equivalent to a special verdict." Dow, 806 P.2d at 406. "At no time did the court state that the evidence was insufficient ... to demonstrate" that Dow had violated Hawaii's drunk driving statute. Affinito, 873 F.2d at 1264.
 
 B
 
 19
 We conclude that the trial court did not intend to dismiss the entire DUI offense when it subsequently filed a written judgment of acquittal. After filing its written judgment on Count I, the court denied Dow's motion to dismiss on the grounds of double jeopardy, thereby permitting a second trial on Count II of the DUI offense.
 
 C
 
 20
 We conclude that the Rule 29 "acquittal" merely reflected the trial judge's determination that the State could not proceed on one of the two methods of proof. Id. at 1264. There remained a completely separate unresolved method of proving the DUI offense. Accord United States v. Blount, 34 F.3d 865, 868 (9th Cir.1994) (finding acquittal valid because it "preserv[ed] no element of the charges for submission to the jury"); Affinito, 873 F.2d at 1264-65 (finding acquittal invalid because district court declined to find that evidence was insufficient to support verdict); Baptiste, 832 F.2d at 1175 (finding acquittal valid because magistrate determined that there was no evidence available to prove defendant's guilt).
 
 II
 
 21
 We decline the State's invitation to rest our decision on the invalidity of the trial court's Rule 29 judgment. The State argues that because the trial court's judgment went only to Count I and because Rule 29 does not allow for an acquittal of less than a whole offense, the trial court's Rule 29 judgment was invalid and thus not a true acquittal. Dow, 806 P.2d at 406; see Haw. Rule Penal Proc. 29(a) (allowing acquittal only for "one or more offenses") (emphasis added).
 
 
 22
 We find this argument unpersuasive because our decision cannot rest on a finding that the trial court made an "erroneous interpretation of governing legal principles." Schwartz, 785 F.2d at 678; see also Fong Foo v. United States, 369 U.S. 141, 143 (1962) (finding valid acquittal even where district court was "without power" to direct verdict). The fact that the trial court "used the wrong tool," Affinito, 873 F.2d at 1265, to express its judgment does not preclude a finding that the acquittal was a true one. See United States v. Martin Linen Supply Co., 430 U.S. 564, 571 (1977) (citing cases). Instead, we must look beyond the form of the judgment to its substance to determine whether the judgment is a true acquittal. See id. ("[W]hat constitutes an 'acquittal' is not to be controlled by the form of the judge's action.").
 
 
 23
 In short, we must determine whether the trial court intended (rightly or wrongly) to acquit--regardless of whether its judgment was based on legal error. Here, it is evident to us that the trial court believed it was dealing with a single offense and that it did not intend to acquit but only to foreclose proof by one method.
 
 III
 
 24
 Dow argues that his case should be controlled by Sanabria v. United States, 437 U.S. 54 (1978). However, Sanabria is distinguishable from the facts here. In Sanabria the acquittal was for an entire offense without reservation. 437 U.S. at 66-67; see also Blount, 34 F.3d at 868 (finding that acquittal on felony and lesser included offenses prevents subsequent reinstatement of lesser offenses). Here, however, Dow's acquittal was not of the offense but rather foreclosed one of two methods of proof.
 
 
 25
 Dow also argues that Counts I and II shared a common element: operating a vehicle. However, unlike the defendant in Sanabria, 437 U.S. at 71-72, Dow has failed to show that his acquittal on Count I was based on insufficient proof of this element. To the contrary, the fact that Count II was submitted to the jury indicates that the court did not determine that the evidence was insufficient on this shared element. Consequently, whether Dow was operating a vehicle was not determined by the trial court's judgment.
 
 CONCLUSION
 
 26
 In sum, double jeopardy bars a subsequent prosecution for an offense for which a defendant has previously been acquitted. The trial court's judgment here was not a "true acquittal" because there remained sufficient evidence to submit the offense to the jury--albeit on a different theory of the case. Because of the limited nature of this judgment, Dow has not been put twice in jeopardy. Accordingly, we affirm.
 
 
 27
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hawaii Revised Statutes Sec. 291-4(a) (1985) provides:
 (a) A person commits the offense of driving under the influence of intoxicating liquor if:
 (1) The person operates or assumes actual physical control of the operation of any vehicle while under the influence of intoxicating liquor; or
 (2) The person operates or assumes actual physical control of the operation of any vehicle with 0.10 per cent or more, by weight of alcohol in the person's blood.
 (emphasis added).
 
 
 [2]
 Rule 29(a) of the Hawaii Rules of Penal Procedure states as follows:
 Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motions shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without having reserved the right.
 Haw.R.Penal P. 29(a) (emphasis added). This rule is substantially similar to Fed.R.Crim.P. 29(a).
 
 
 [3]
 The Hawaii intermediate court of appeals made a factual finding that "the DUI complaint consisted of two counts, but only alleged one offense." State v. Dow, 803 P.2d at 971, reversed on other grounds, 806 P.2d at 407