**UNITED STATES of America,**
**Plaintiff,**

v.

**Solomon JASPER, Defendant.**
**Crim. A. No. 2284.**

United States District Court,
D. of Delaware.
Dec. 12, 1972.

Norman Levine, U. S. Atty., and
Bruce L. Thall, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

John M. Bader, of Bader, Dorsey & Kreshtool, Wilmington, Del., for defendant.

LATCHUM, District Judge.

The jury convicted the defendant Solomon Jasper on each of five counts of an information which charged him as President of Secretel, Inc. with violating 26 U.S.C. § 7203 for willfully failing to file five consecutive employer's quarterly tax returns (Form 941), as required by federal law, for the quarters ending on December 31, 1969 through December 31, 1970.

The defendant has moved under Rule 29(b), F.R.Crim.P., for judgment of acquittal on two grounds: (1) that the Government failed to make out a prima facie case on "willfulness"; and (2) that 26 U.S.C. § 7203 applies to the corporate taxpayer only, and not to the defendant, as a responsible corporate officer.

A consideration of the trial record as a whole, taken with appropriate inferences in the light most favorable to the Government, United States v. Feldman, 425 F.2d 688, 692 (C.A. 3, 1970), discloses the following facts: The defendant was the sole working officer of Secretel, Inc. and responsible for sales and corporate administration. Secretel, Inc. had filed employer's quarterly tax returns for the four quarters immediately preceding the five quarters charged in the information. The defendant prepared the last two of those returns himself. Prior to this, the defendant had employed an accountant, Andrew Heinemann, to prepare Secretel's employer quarterly tax returns, but Mr. Heinemann's services ended during the third quarter of 1969. Secretel had no other accountant until May of 1970 when Thomas Greenwald was retained. Greenwald's duties, however, did not include the preparation and filing of the tax returns involved.

The defendant testified he knew that he had the duty to file the tax returns in question, that he knew when they were due but because of his poor health and his habit of procrastination, he simply did not file the returns. However, except for filing the returns, the defendant fulfilled all of his other responsibilities in managing Secretel, Inc. He kept complete employee payroll records on 5" x 8" cards which showed the FICA and federal withholding tax deductions from employees' wages. He prepared and submitted to employees the W-2 Form of the taxes withheld from them. The information that is maintained on the payroll cards and W-2 forms is all that was needed to complete the 941 forms.

I. *The Issue of Willfulness.*

The Court instructed the jury that the Government was required to prove beyond a reasonable doubt that the defendant's failure to make the returns was willful. The Court further instructed:

"The specific intent of willfulness is an essential element of the crime of failure to file a federal tax return.

The word 'willfully' used in connection with the offense charged means deliberately and intentionally, and without justifiable excuse, or with the

wrongful purpose of deliberately intending not to file a return which defendant knew he should have filed.

Defendant's conduct is not 'willful' if he acted through negligence, inadvertence or mistake, or due to his good faith misunderstanding of the requirements of the law."

■■ Evidence admitted at trial established that the Forms 941 were filed for four quarters immediately preceding the quarters in question and that returns for the last two of the four quarters were prepared by the defendant personally. Subsequently returns were not filed for the following five quarters although the defendant personally and continually maintained basic records from which the forms could have been prepared. This extended delay persisted over five consecutive quarters. "Such a pattern of behavior, as distinguished from a single occurrence, itself suggests willfulness." United States v. Litman, 246 F.2d 206, 208 (C.A. 3, 1957), cert. den. 355 U.S. 869, 78 S.Ct. 118, 2 L.Ed. 2d 75 (1957). Furthermore, the defendant candidly admitted that he knew he was required to file the quarterly tax returns and knew when they were due to be filed. A series of defaults, indicating a pattern of behavior knowingly and intentionally made, suggests the existence of specific bad motive or wrongful purpose necessary to constitute willfulness. United States v. Vitiello, 363 F.2d 240, 243 (C.A. 3, 1966); United States v. Cirillo, 251 F.2d 638, 639 (C.A. 3, 1957), cert. den. 356 U.S. 949, 78 S.Ct. 914, 2 L.Ed.2d 843 (1968). In spite of the defendant's effort to characterize his omissions as the result of negligence, the jury, as the fact-finder, on the present record was reasonably justified in finding that the defendant's failure to file returns which he knew he should have filed was deliberate and intentional.

United States v. Johnson, 386 F.2d 630, 631 (C.A. 3, 1967). Defendant's motion for judgment of acquittal on this ground will be denied.

II. *Issue whether 26 U.S.C. § 7203 Applies To Defendant.*

As noted above, the defendant was found guilty of violating 26 U.S.C. § 7203 with respect to all five counts of the information. Section 7203 reads in part as follows:

"Any person . . . required by this title or by regulations made under authority thereof to make a return . . ., who willfully fails to . . . make such return . . . shall . . . be guilty of a misdemeanor . . . .".

Section 7203 is located within Chapter 75 of the Internal Revenue Code, embracing §§ 7201 through 7344. Section 7343 reads in relevant part:

"The term 'person' as used in this chapter includes an officer . . . of a corporation . . ., who as such officer, . . . is under a duty to perform the act in respect of which the violation occurs."

■ The trial evidence clearly established that the defendant at all times relevant to this case was the President and sole responsible operating officer of Secretel, Inc. The two other officers of the company neither had, nor performed, any duties whatsoever. The defendant admitted that he was solely and personally responsible for supervising and managing all aspects of the corporate business. Under these circumstances, there is no question that the defendant was a "person" required by law to make and file employer's quarterly tax returns for the corporation. Thus, there is no merit to defendant's second ground for a judgment of acquittal.