**UNITED STATES of America,**
**Plaintiff–Appellant,**

**v.**

**Edwin A. NEAL, Defendant–Appellee.**

No. 94–6002.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs Jan. 17, 1996.

Decided Aug. 9, 1996.

Rehearing and Suggestion for Rehearing
En Banc Denied
Oct. 3, 1996.

**220**

Terry M. Cushing, William F. Campbell, Asst. U.S. Attys., Office of U.S. Atty., Louisville, KY, for Plaintiff–Appellant.

Edwin A. Neal, Niceville, FL, pro se.

Before: NORRIS and SUHRHEINRICH, Circuit Judges; WELLS, District Judge.*

SUHRHEINRICH, Circuit Judge.

The principal issue in this appeal is whether jeopardy attaches to a district court's dismissal of an indictment upon defendant's motion for acquittal based on both a legal and factual ground. Because the district court relied exclusively on the legal ground raised by this defendant, we hold that double jeopardy does not bar appeal by the government. We therefore have jurisdiction over the government's appeal of the district court's dismissal of the indictment, which we **REVERSE** for reasons to be discussed.

**I.**

Defendant founded United Security ("United"), with two other individuals in 1985. Defendant began exercising greater control over United's financial affairs, including tax matters, beginning in 1988. It is undisputed that defendant signed and filed United's quarterly tax returns [1] ("Form 941s" or "returns") for the periods ending in September 1988 and December 1988. He also signed all four 1989 quarterly returns. Several of the 1989 returns were filed late, and one of the checks submitted was dishonored by the bank. United apparently filed no return at all for the first quarter of 1990.

The government indicted defendant in April 1993 for failure to timely file Form 941s for four quarters in violation of 26 U.S.C. § 7203, which imposes penalties on any "person" who fails to file a tax return when so required. Defendant's first trial began on September 21, 1993. During the second day of trial, defendant withdrew his plea of not guilty and entered a guilty plea to all counts. The district court accepted his guilty plea. Shortly thereafter, defendant hired new counsel, and filed a motion to withdraw his guilty plea. The district court allowed defendant to withdraw his plea and scheduled the case for trial.

Defendant went to trial for a second time on May 17, 1994. Defendant moved for ac-

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

1. Form 941 is the Employer's Quarterly Tax Return, which documents federal income taxes and

contributions under the Federal Insurance Contributions Act withheld from employee wages by an employer. 26 C.F.R. §§ 31.6011(a)–1, 31.6011(a)–4 (West 1995).

quittal at the close of the government's case. The district court called a conference in chambers, at which defendant stated the grounds for his motion. A written record of the conference is before us. Defendant explained that his motion was "based on several grounds, one of which is there is no legal requirement in existence under the law through the facts adduced so far that would show Mr. Neal had the duty or was under the duty to file the returns in question."

The district court then asked the government to clarify the legal basis for the indictment, specifically the requirement that the "person" referred to in § 7203 file a return at all. The government responded that the duty to file a return was found in 26 U.S.C. § 6672 or, alternatively, in 26 U.S.C. § 6011(a). Upon review of these sections, however, the district court found that neither actually imposes a requirement to file a return. Section 6672 imposes civil penalties for persons who fail to pay or account for taxes, if they are required to do so. 26 U.S.C.A. § 6672 (West Supp.1996). Section 6011(a) merely specifies that when a person is required by regulations to file a return, the return must be filed according to the forms and regulations prescribed by the Secretary. 26 U.S.C.A. § 6011(a) (West Supp.1996). Frustrated by the government's inability to demonstrate the legal basis for prosecution, the district court dismissed the indictment:

> [C]ounsel for the government have quite honestly indicated they don't have any regulations that they can show this Court that would require a person in the position of Mr. Neal to file a return. . . .

The district court dismissed the indictment because the government was unable to identify any underlying regulations requiring the corporation itself to file Form 941s, such that a corporate officer could be prosecuted as the "person" required to file the forms on behalf of the corporation. This appeal by the government followed.

## II.

### A. Double Jeopardy

■ Although the double jeopardy issue is raised as a defense, we address it first because it concerns our jurisdiction to hear this appeal. Defendant argues that the government's appeal violates the Double Jeopardy Clause because the district court dismissed the indictment sua sponte without defendant's acquiescence. The government counters that the trial court's dismissal was based on a purely legal theory advanced in a motion brought by defendant, and therefore the appeal does not violate double jeopardy. We review de novo whether double jeopardy bars appeal. *United States v. Ursery*, 59 F.3d 568, 570 (6th Cir.1995), *rev'd on other grounds,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

■ The Double Jeopardy Clause prohibits (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Id.* at 571 (quoting *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989)). In jury trials, jeopardy attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978); *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963).

■ Notwithstanding, it is well accepted that double jeopardy does not bar all appeals after a jury has been empaneled. *See, e.g., United States v. Cameron,* 953 F.2d 240, 243 (6th Cir.1992) (holding that retrial of defendants following grant of mistrial justified by manifest necessity did not violate double jeopardy). The Supreme Court has held that in criminal cases, post-attachment appeals are generally available to the government when dismissal rests on a ruling of law sought by the defendant, unmixed with any factual basis for dismissal. *United States v. Scott,* 437 U.S. 82, 96–97, 98 S.Ct. 2187, 2196–97, 57 L.Ed.2d 65 (1978); *see also United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977) (holding that double jeopardy is only barred by acquittal when the ruling, whatever its label, actually represents a ruling in the defendant's favor of some or all of the factual elements of the offense charged). The Supreme Court has not directly addressed the procedural posture presented by

this case: whether double jeopardy bars a government appeal when a defendant brings a motion for acquittal based on legal and factual arguments and the court dismisses the indictment relying exclusively on the legal ground raised by the defendant.

Two circuit decisions, however, reinforce our conclusion that appeal is not barred in this case because no factual issues were resolved in defendant's favor. *United States v. Affinito*, 873 F.2d 1261, 1264–65 (9th Cir. 1989); *United States v. Torkington*, 874 F.2d 1441, 1444 (11th Cir.1989). In *Affinito*, for example, the defendant had based his motion for acquittal on an intervening Supreme Court decision, which the defendant claimed had nullified the legal basis for the indictment. *Affinito*, 873 F.2d at 1262. The district court had granted the defendant's motion, styling it an acquittal even though the motion had been based purely on a legal theory. *Id.*

The appellate court noted that although the district court characterized its order as an acquittal, the trial court "did not resolve factual elements in appellee's favor." *Id.* at 1264. Therefore, double jeopardy did not bar appeal because "the trial court's ruling was unrelated to factual guilt or innocence." *Id.* Further, the lower court had acted at defendant's prompting, i.e., the filing of a motion for acquittal. The Ninth Circuit concluded that the case was within the purview of the Supreme Court's *Scott* and *Martin Linen* decisions and that the government was entitled to a new trial. *Id.* at 1265. *See also Torkington*, 874 F.2d at 1444–45 (allowing appeal where grant of motion for acquittal was based solely on prosecutorial misconduct rather than on insufficiency of the evidence).

As in *Affinito* and *Torkington*, the district court here did not resolve any factual issue in defendant's favor. Defendant's motion for "acquittal" actually contained both a legal and factual claim. The district court ultimately dismissed the indictment on the purely legal ground that there was no underlying duty to file Form 941s.

Defendant claims on appeal that he had "no input whatsoever as to the [judge's] decision to dismiss the indictment." If this were true, defendant would have a valid argument that dismissal was not sought by defendant, thus removing our case from the scope of the *Scott* and *Martin Linen* holdings into the murkier area of appeals from actual sua sponte dismissals.[2] We disagree, however, with defendant's contention that he had "no input" in the trial court's decision. Defendant argued in the alternative, and the district court agreed with his legal argument. The fact that legal and factual arguments are raised in the same motion should not bar appellate review of dismissal as long as the district court confines itself to the legal issue. Because there was no fact-based acquittal, double jeopardy does not bar the government's appeal. We may therefore properly consider the merits of the government's argument. 18 U.S.C.A. § 3731 (West Supp. 1995).

## B. Government's Appeal

 The government first argues that the district court erred in dismissing the indictment basically because other circuits have affirmed convictions of corporate officers for failure to file corporate returns. Although this is the ultimate issue in the government's case, the government's argument once again glosses over the district court's central concern and the basis for dismissal: the source of the underlying legal obligation on the part of the corporation itself to file Form 941s such that a responsible corporate officer might be liable for failing to carry out such a duty on behalf of the corporation. Our review is de novo. *United States v. Brown*, 915 F.2d 219, 223 (6th Cir.1990).

Section 7203 of the Internal Revenue Code ("Code"), the statute under which defendant was charged, provides in relevant part:

---

2. *Compare United States v. Dahlstrum*, 655 F.2d 971, 973–75 (9th Cir.1981), *cert. denied*, 455 U.S. 928, 102 S.Ct. 1293, 71 L.Ed.2d 472 (1982) (holding that appeal was barred where "judge was the instigator and the primary mover of the events ... [leading] to the dismissal" on legal grounds) *with United States v. Kennings*, 861 F.2d 381, 385 (3d Cir.1988) (holding that double jeopardy did not bar appeal of a sua sponte dismissal where defendant did not initiate the proceeding, but "actively supported the judge's legal claim that the government's case against him must fail").

Any person required under this title to pay any estimated tax or tax, or required ... to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information ... shall ... be guilty of a misdemeanor and ... fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year....

26 U.S.C.A. § 7203 (West Supp.1995).

On appeal, the government proffers another section of the Code and its accompanying regulations as the source of a corporation's duty to file Form 941s. Section 6011(a) of the Code states that:

When required by regulations ... any person made liable for any tax imposed by this title ... shall make a return....

26 U.S.C.A. § 6011(a) (West Supp.1995).

In the accompanying regulations, § 31.6011(a)–1 requires:

every employer required to make a return under the Federal Insurance Contributions Act ... shall make a return for each subsequent calendar quarter.... Form 941 is the form prescribed for making the return required by this subparagraph.

26 C.F.R. § 31.6011(a)–1.

Section 31.6011(a) is potentially confusing because it reads circularly: an employer is required to make a return if it is required to make a return. Nonetheless, it is clear upon a close reading of the regulation that the word "return" is used interchangeably to mean both (1) a remittance of taxes withheld from employees, and (2) a specific form or statement documenting information required by the Secretary. Applying these meanings to § 31.6011(a), an employer who has to "make a return" (send a remittance) of taxes withheld shall "make a return" (file a statement) on Form 941. Defendant does not contest that United was an employer required to withhold FICA and income taxes. *See* 26 C.F.R. § 31.3121(d)–2 (defining employer); 26 U.S.C. §§ 3102, 3402, and 3403 (requiring FICA and income tax withholding and making employer liable for payment of the taxes withheld). Because United was required to remit withheld taxes, it was also required to file Form 941s. United was therefore subject to the statutory mandate of § 6011(a) that it "make a return or statement according to the forms and regulations prescribed by the Secretary."

■ Although it was not the basis for the district court's ruling, the government also argues that the term "person" as used in § 7203 encompasses responsible corporate officers. This question is easily answered by § 7343 of the Code, made applicable to § 7203 by the express terms of § 7343:

The term "person" as used in this chapter includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

26 U.S.C.A. § 7343 (West 1989). Furthermore, other circuits have acknowledged that "person" as used in § 7203 encompasses corporate officers responsible for filing the returns of the corporate "person." *Lumetta v. United States,* 362 F.2d 644, 647 (8th Cir. 1966) (holding that whether an officer is responsible for filing a corporation's returns and therefore liable under § 7203 for failure to do so is factual question); *Ryan v. United States,* 314 F.2d 306, 309 (10th Cir.1963) (affirming conviction under § 7203). *See also United States v. Jasper,* 352 F.Supp. 254 (D.Del.1972) (holding that corporate officers can be "persons" for the purpose of § 7203 because § 7343 explicitly includes corporate officers in its definition of "person"); *United States v. Ettorre,* 387 F.Supp. 582 (E.D.Pa. 1975) (relying on *Jasper* in imposing liability under § 7203). We agree with these courts that corporate officers can be prosecuted under § 7203 for failure to file the returns of a corporation.

Had the district court been presented an adequate explanation of the regulations, it probably would have not dismissed the indictment and would have proceeded to the factual question of whether defendant in this case could be prosecuted as the individual

required to file the corporation's returns.[3] Thus, the government did in fact have a legal basis for charging defendant under § 7203, and the indictment was incorrectly dismissed by the district court.[4]

### C. Defendant's Challenge to Denial of Motion for Acquittal

■ We now turn to defendant's other argument. He maintains that in any event, the evidence was insufficient to sustain his conviction, and that the district court should have granted his motion for acquittal. Before considering the merits of this argument, we must determine whether defendant's failure to file a cross appeal precludes consideration of this issue. A cross appeal is potentially required because if we were to hold that defendant's motion for acquittal should have been granted, we would be converting his dismissal without prejudice into a dismissal with prejudice, expanding the relief granted by the district court.

■ As a general rule, a cross appeal must be filed where an appellee wishes to attack part of a final judgment in order to enlarge his own rights or reduce those of his adversary. Charles A. Wright, et al., *Federal Practice and Procedure*, § 3904 (1992) (citing *United States v. American Ry. Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 563, 68 L.Ed. 1087 (1924)); *Francis v. Clark Equip. Co.*, 993 F.2d 545, 552 (6th Cir.1993). The requirement to file a cross appeal, when applicable, is mandatory and jurisdictional in this circuit. *Ford Motor Credit Co. v. Aetna Casualty & Sur. Co.*, 717 F.2d 959, 962–63 (6th Cir.1983) (citing *Massachusetts Mut. Life Ins. Co. v. Ludwig*, 426 U.S. 479, 480, 96 S.Ct. 2158, 2159, 48 L.Ed.2d 784 (1976)). Although applied more frequently in civil cases, the general rule has been applied in criminal cases as well. *United States v. Lieberman*, 971 F.2d 989 (3d Cir.1992). For example, the Third Circuit noted the applicability of the rule in a criminal case where a defendant challenged the district court's ruling on grouping of multiple counts. *Id.* at 996–97. The appellate court stated:

> While a party may not seek more extensive relief on appeal than it received in district court without filing a cross-appeal, an appellee may proffer alternative arguments to support the district court's decision without filing a cross-appeal.

*Id.* at 997 n. 5 (citations omitted). The Third Circuit ultimately held that the defendant's challenge was not precluded by his failure to file a cross appeal, because it was merely an alternative argument to justify the district court's downward departure as opposed to a request for more extensive relief. We find the Third Circuit's approach persuasive and apply it to the case before us. *Cf. United States v. El–Zoubi*, 993 F.2d 442, 450 (5th Cir.1993) (holding that government waived challenge to misapplication of sentencing guidelines in defendant's favor by failing to cross appeal).

Unlike the defendant in *Lieberman*, defendant in our case seeks more extensive relief than the district court ordered below. Defendant seeks modification of the denial of his motion for acquittal. This would be an "enlargement of rights" because it would transform the district court's dismissal without prejudice into a dismissal with prejudice. Therefore, because defendant did not file a cross appeal, we do not have jurisdiction to consider his argument that the district court erred in denying his motion for acquittal.

### III.

Because the district court incorrectly dismissed the indictment against defendant, we **REVERSE** the July 1, 1994 order of the

---

**3.** The district court at one point stated:

> This opinion of *Jasper* [352 F.Supp. 254 (D.Del. 1972)] does not even address the issue of requirement to file. It only addresses whether or not the defendant is a person as used in [§ 7203]; and as we have indicated here, it is probable that the definition of a person is fact driven. But the legal obligation or requirement to file the return must be as a result of a

legal obligation on the part of the Internal Revenue Code or regulations adopted under it.

**4.** *See also Slodov v. United States*, 436 U.S. 238, 243 n. 2, 98 S.Ct. 1778, 1783 n. 2, 56 L.Ed.2d 251 (1978) (assuming without analysis that 26 C.F.R. §§ 31.6011(a)–1 and (a)–4 impose duty to file Form 941s); *Brewery, Inc. v. United States*, 33 F.3d 589, 591–92 (6th Cir.1994) (same).

district court and **REMAND** for further proceedings.