NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0029n.06
Filed: January 12, 2005

No. 03-2074

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

DONALD DOVER,

    Plaintiff-Appellee,

v.

METROPOLITAN LIFE INSURANCE
COMPANY,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

Before:      MARTIN, COLE, and GIBBONS, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Metropolitan Life Insurance Company appeals the partial denial of its motion for summary judgment and the denial of its motion for reconsideration in this action under the Employee Retirement Income Security Act of 1974. In response, Donald Dover argues that the district court erred in partially granting Metropolitan Life's motion for summary judgment. For the following reasons, we agree with Dover and thus REVERSE the district court's decision.

I.

Plaintiff Donald Dover was an employee of International Business Machines Corporation beginning in 1986, and was a participant in the corporation's long term disability plan funded and administered by Metropolitan Life Insurance Company. In short, the plan provides payment for long term disability benefits to eligible plan participants considered "totally disabled" at the end of a

fifty-two week waiting period. "Totally disabled" under the plan means "because of sickness or injury, [the employee] cannot perform the important duties of [his] occupation or any other gainful occupation for which [he is] reasonably fit by [his] education, training, or experience."

Dover stopped working at IBM on January 11, 1993, due to a psychiatric disability, and filed an application for long term disability benefits under the plan in November 1993. One year later, Metropolitan Life approved his application, and began issuing benefits on January 11, 1994. During the following years, Dover's physicians consistently reported to Metropolitan Life that he remained disabled, suffering from psychiatric disorders, including paranoid personality with anti-social tendencies and bipolar disorder.

In May 1997, Dover was arrested for bad check writing and loan application fraud and was sentenced to seventy-eight months in prison and restitution. Metropolitan Life claims that Dover's condition improved in prison to the degree that he could once again work. It further alleges that in July 1998, Dover was employed at the prison's electric shop as an "electric helper." In June 2000, after reviewing Dover's prison records and job description, Dr. Ernest Gosline, an independent psychiatric consultant retained by Metropolitan Life, determined that as of May 1, 1998, Dover was no longer unemployable. Consequently, Metropolitan Life notified Dover that he no longer qualified for long term disability benefits as of May 1, 1998. Dover unsuccessfully appealed that determination in January 2001. In May 2001, Dover was released from prison. The following month, Dover requested an additional appeal, citing letters from psychiatrists opining that Dover was unable to work. This appeal was also denied by Metropolitan Life in light of Dover's alleged ability to work.

In August 2002, Dover filed suit in Michigan state court, seeking continuation of long term disability benefits under the Metropolitan Life plan. Metropolitan Life removed the case to the District Court for the Eastern District of Michigan, which, on June 5, 2003, granted Metropolitan Life's summary judgment motion in part, and Dover's summary judgment motion in part. In short, the district court held that Metropolitan Life's determination that Dover was not eligible to receive long term disability benefits during the latter part of his incarceration, from May 1, 1998 until May 29, 2001, was neither arbitrary nor capricious given Dover's alleged ability to work. Thus, the court upheld Metropolitan Life's denial of benefits during that time period. The court, however, found that Metropolitan Life's determination that Dover was ineligible to receive long term disability benefits after Dover's release from prison was not justified. Consequently, the court awarded Dover benefits commencing on May 29, 2001, and continuing to the present day and beyond.

On June 23, 2003, Metropolitan Life filed a motion for rehearing, claiming that Dover's employment had terminated on April 30, 1998, and that Dover therefore could not be awarded disability benefits subsequent to that date. The court denied Metropolitan Life's motion on July 29, 2003, finding that there was no evidence in the administrative record indicating that Dover was terminated on April 30, 1998. On August 14, 2003, Metropolitan Life filed its notice of appeal of the district court's summary judgment and its order denying Metropolitan Life's motion for a rehearing.

II.

The first issue is the proper standard of review to be applied in reviewing the plan administrator's benefits determination. This Court's reviews de novo the district court's decision

as to the proper standard to apply in reviewing Metropolitan Life's benefit determination.  *See Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996).

Actions by plan administrators under the Employee Retirement Income Security Act are reviewed under a de novo standard unless the plan gives administrators discretionary authority to determine eligibility for benefits, in which case the "arbitrary and capricious" standard applies. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  The district court found sufficient discretionary authority to invoke "arbitrary and capricious" review, relying on language in the relevant plan requiring applicants to present proof of disability that is "satisfactory to Metropolitan." Despite Dover's claim on appeal that the district court erred by applying an arbitrary and capricious standard of review, we hold that the district court's judgment was proper in light of the discretionary authority given the plan administrator.  *See, e.g., Yeager*, 88 F.3d at 380-81 (finding language requiring claimant to submit "satisfactory proof of Total Disability to us" sufficient to invoke arbitrary and capricious standard of review).  Thus, this Court reviews the district court's judgment to determine whether the insurance company's decision to deny benefits was arbitrary and capricious.  Under this standard, we uphold a benefit determination if it is "rational in light of the plan's provisions."  *Id.* at 381 (internal quotation marks omitted).

The district court also found that it should more closely scrutinize Metropolitan Life's denial of benefits to Dover because of a conflict of interest; namely, the insurer and plan administrator in this case are the same party.  This was also a proper determination.  *See Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 521 (6th Cir. 1998).  Therefore, despite the deferential nature of the arbitrary and capricious standard of review, this Court considers the conflict of interest a

factor in determining whether Metropolitan Life's decision to deny benefits was arbitrary and capricious.

III.

We now consider whether Metropolitan Life's decision to deny benefits beginning on May 1, 1998, was "arbitrary and capricious." Here, the district court held that Metropolitan Life's decision was not "arbitrary and capricious" because Dover was employed part-time while incarcerated and was thus ineligible for benefits. On appeal, Dover refutes this contention, pointing out that while Dover spent some time as an electrical helper on "standby," he mainly cleaned bathrooms, which only required about two and one-half hours of his time five days per week. This, according to Dover, does not constitute "gainful employment" under the plan.

We agree that the district court erred in finding that Metropolitan Life did not abuse its discretion in terminating Dover's benefits as of May 1, 1998. In order for Dover to be considered totally disabled under the Metropolitan Life plan, he must be found unable to "perform the important duties of [his] occupation or of any other gainful occupation for which [he is] reasonably fit by [his] education, training or experience." Metropolitan Life found that Dover did not meet this definition of "totally disabled" as of May 1, 1998, relying on the conclusions of Dr. Ernest Gosline, a psychiatric consultant retained by Metropolitan Life. Dr. Gosline, apparently without examining Dover and by merely reviewing prison documents regarding Dover's condition and work history, concluded that Dover was no longer unemployable:

> It is my impression that there is adequate medical documentation that this claimant is working within his present setting and he is employable and would be employable outside of the jail under his present medical and psychiatric regime. His activities of daily living seem unimpaired and his GAF level[,] which is not listed at any time

in the record by the evidences [sic] provided from the progress notes[,] would certainly indicate that he is employable at some occupation which is consistent with his training, background, experience and abilities.

We have thoroughly reviewed the record in this case and conclude that Metropolitan Life's determination that Dover became employable as of May 1, 1998, was not rational in light of the plan's provisions. *See Yeager*, 88 F.3d at 381. In our view, Dover's limited work as an inmate simply does not indicate that he was able to perform the duties of a gainful occupation "for which [he was] reasonably fit by [his] education, training or experience." While the record indicates that Dover held several required work assignments as an inmate, all collectively fail to constitute gainful employment. The record suggests that during Dover's initial incarceration at the Federal Correctional Institution in Sandstone, Minnesota, he was assigned to be an electrical helper. This "employment" appears to have been the basis for Metropolitan Life's decision to terminate Dover's benefits. However, apart from a vague job description, there is no evidence in the record suggesting that Dover was engaged in meaningful employment while at Sandstone. Rather, the prison's inmate work records indicate that Dover held this position for less than two months, from June 29 to August 26, 1998. Moreover, Dover claimed in a letter to Metropolitan Life that during this period he "did absolutely nothing but wait in the shop all day and never worked."

After being transferred to the Federal Correctional Institution in Waseca, Minnesota, Dover worked as an electrical helper in the facilities shop from August 9 to August 18, 2000. Importantly, however, prison records indicate that "because Mr. Dover was in treatment for half days and only available to work half days, he was not utilized on the crew." Beginning August 18, Dover was assigned to be an orderly in the housing unit, cleaning shower stalls for two and one-half hours per

day, five days a week. We simply do not think that this type of highly structured and supervised work in a prison, dramatically limited by Dover's continuing treatments for his mental disability, could rationally be considered sufficient evidence of an ability to perform the duties of gainful employment.

Moreover, our reading of Dover's medical records reveals no evidence that Dover's condition improved to a degree that would enable him to become gainfully employed. In fact, after his release from prison and after learning that his disability benefits had been terminated, Dover provided Metropolitan Life with two letters, one from a psychiatrist and the other from a psychologist, both concluding that Dover was unable to perform any gainful occupation consistent with his training, background, experience, and abilities.

Therefore, given the insufficiency of the evidence contained in the administrative record suggesting that Dover was employable, we reverse the district court's partial grant of summary judgment for Metropolitan Life. In cases such as this, where the administrator's review of the medical evidence was arbitrary and capricious, the proper remedy is to grant benefits retroactively. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 715 (6th Cir. 2000). Consequently, because we find no genuine dispute as to any material fact, we instruct the district court to grant Dover's original motion for summary judgment and hold that Dover is due benefits from May 1, 1998, to the present day and beyond.[1]

---

[1]Having reinstated Dover's benefits as of May 1, 1998, we need not consider whether the district court erred in granting a resumption of benefits following Dover's release from prison on May 29, 2001.

IV.

In sum, we conclude that Metropolitan Life acted arbitrarily and capriciously in finding that Dover became ineligible for long term disability benefits beginning May 1, 1998. Based on the record before us, there should have been no interruption of Dover's disability benefits. Therefore, we REVERSE and REMAND with instructions to the district court to grant Dover the disability benefits due under the plan beginning May 1, 1998, including interest, and continuing until he becomes ineligible on grounds other than those considered in this case.

**JULIA SMITH GIBBONS, Circuit Judge, dissenting.** I respectfully dissent because I believe that the district court's decision that MetLife did not act arbitrarily and capriciously in denying Dover benefits effective May 1, 1998, is not before this court. Neither Dover nor MetLife appealed this portion of the district court's decision. For this reason, I believe that the majority errs in addressing MetLife's decision to terminate Dover's benefits as of this date and in concluding that MetLife acted arbitrarily and capriciously when it found Dover employable and ended his long-term disability benefits. The only issue before this court is whether the district court should have retroactively reinstated Dover's benefits beginning May 29, 2001. On this issue, I would reverse the district court's decision.

The majority concludes that the district court erred in finding that MetLife did not act in an arbitrary and capricious manner when it terminated Dover's benefits as of May 1, 1998. In my view, this issue is not properly before us. Dover never appealed nor did he file a cross-appeal challenging this aspect of the district court's decision. It is well-established that an issue not raised on appeal is deemed waived. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996). Further, a party that does not appeal or cross-appeal cannot enlarge his own rights or diminish the rights of the adverse party. *See Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 936 n.2 (6th Cir. 2000). In other words, a party cannot obtain more extensive relief than what the district court ordered without filing an appeal or cross-appeal. *United States v. Neal*, 93 F.3d 219, 224 (6th Cir. 1996). Dover's failure to file a cross-appeal prevents this court from considering whether MetLife arbitrarily or capriciously denied him benefits during the time period that he

was in prison. It also prevents this court from ordering Dover's benefits retroactively reinstated beginning May 1, 1998, as the majority does.

The only issue before this court is whether the district court erred in retroactively reinstating Dover's benefits beginning May 29, 2001. I would reverse the district court's decision on this issue. Whether Dover should have received benefits after his release was not considered by MetLife and therefore should not have been considered by the district court. Dover filed suit against MetLife based on a final administrator decision, issued June 27, 2001, that upheld the denial of his benefits beginning May 1, 1998. MetLife's decision to terminate Dover's benefits in May 1998 necessarily meant that Dover would not receive benefits after he was released from prison in May 2001; however, this was not an independent decision on the administrator's part. Thus, there was no administrator decision for the district court to evaluate under the arbitrary and capricious standard with respect to this time period. The district court erred in ordering benefits retroactively reinstated.

For this reason, I would reverse the decision of the district court reinstating Dover's benefits effective May 29, 2001. I also believe that the issue of whether the district court erred in concluding that MetLife did not act in an arbitrary and capricious manner when it denied Dover benefits while he was in prison is not before this court.